## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
#### Richmond Division

**DR. WENDI H. ANDERSON,**

      **Plaintiff,**

**v.**
                                      **Civil Action No. 3:18cv745**

**THE SCHOOL BOARD OF GLOUCESTER
COUNTY, VIRGINIA,**

      **Defendant.**

### MEMORANDUM OPINION

This matter comes before the Court on Defendant the School Board of Gloucester County, Virginia's (the "School Board") Motion to Compel. (ECF No. 24.)  Following an Initial Pretrial Conference in this matter, the School Board and Plaintiff Dr. Wendi H. Anderson filed a Joint Discovery Chart, (ECF No. 26), outlining the discovery dispute.  The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process.  For the reasons stated below, the Court will grant the School Board's Motion to Compel, and order the School Board to submit a petition to recover their attorney's fees for the preparation of the Motion to Compel and the Discovery Chart.

### I. Background

Dr. Anderson, a teacher at Page Middle School in Gloucester County, Virginia ("Page"), brings what is now a one-count action arising out of the School Board's alleged failure to provide reasonable accommodations under the Americans with Disabilities Act ("ADA") for Dr. Anderson's scent sensitivity and allergies.

On June 27, 2018, Anderson filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). (Am. Compl. ¶ 8, ECF No. 9.) On August 2, 2018, Anderson claims she received a Dismissal Notice and Right-to-Sue letter from the EEOC (the "Right-to-Sue Letter"). (*Id.*) The Right-to-Sue Letter advised Anderson that her lawsuit "*must* be filed within 90 days of your receipt of this notice; or your right to sue based on this charge will be lost." (*Id* (emphasis added).) On October 30, 2018, eighty-nine days later, Anderson filed this suit.[1]

Previously, on May 29, 2020, the Court granted in part and denied in part Defendants' joint Motion to Dismiss.[2] (*See* May 29, 2020 Mem. Op. & Am. Order, ECF Nos. 16, 17.) In the May 29, 2020 Amended Order, the Court ordered expedited briefing on the issue of whether Dr. Anderson timely filed her suit in this Court, stating

> the parties shall have sixty (60) days to conduct expedited discovery, limited only to the timeliness of the instant case. Unless the parties come to agreement on the issue, seventy five (75) days from entry of this Memorandum Opinion and Amended Order, the parties shall file Cross Motions for Partial Summary Judgment Regarding the Application of the Statute of Limitations to this case. Each party shall respond to the other's motion no later than twenty (20) days following the

---

[1] The School Board previously appended a full copy of the Right-to-Sue Letter which shows July 26, 2018 as the "Date Mailed." (Reply Second Mot. Dismiss Ex. 1, ECF No. 14-1.) A plaintiff must file suit within 90 days of receipt of the notice. 42 U.S.C. §§ 2000e-5(f)(1), 12117(a). "When the date that a potential plaintiff received actual notice of right to sue is disputed or unknown, [Federal Rule of Civil Procedure] 6(e) creates the presumption that notice was received three days after it was mailed." *Panyanouvong v. Vienna Wolftrap Hotel*, 525 F. Supp. 2d 793, 796–97 (E.D. Va. 2007) (deciding an Age Discrimination in Employment Act motion to dismiss) (citing *Nguyen v. Inova Alexandria Hosp.*, No. 98cv2215, 187 F.3d 630, at *3 (4th Cir. July 30, 1999)). If Dr. Anderson did not in fact receive the Right-to-Sue Letter on August 2, 2018, and the date of the letter's arrival is unknown, then the School Board contends that Dr. Anderson filed her suit one day late, depriving this Court of its power to hear the case.

[2] Dr. Anderson originally also brought suit against Dr. Patricia J. McMahon and Gywn M. Ciemniecki—both employees of the School Board. In the May 29, 2020 Memorandum Opinion and Amended Order, the Court granted the Second Motion to Dismiss on all claims pertaining to Dr. McMahon and Ciemniecki and dismissed them as defendants in the action. (Am. Order 1, ECF No. 17.)

Partial Motion for Summary Judgment. No other briefing on that issue will be allowed.

(Am. Order 2.)

## II. The Discovery Dispute

On June 10, 2020, the School Board served its First Set of Interrogatories and Requests for Production of Documents on Dr. Anderson. (Mem. Supp. Mot. Compel 1, ECF No. 25.) In response, Dr. Anderson produced an email exchange between herself and her attorney, Mr. Biss, regarding when she received the Right-to-Sue Letter from the EEOC. (*Id.*) The email provided in discovery by Dr. Anderson depicts her writing on August 2, 2018: "I received a dismissal notice and right to sue letter today 8-2-18. Looks like we have 90 days." (Mem. Supp. Mot. Compel Ex. C "Aug. 2, 2018 Email" 1, ECF No. 25-3.) Mr. Biss responded: "Wendi, Yes, I received the letter today. So, we must file suit on or before October 30, 2018. Please confirm my math." (*Id.*)

On July 17, 2020, pursuant to this Court's May 29, 2020 Amended Order, Counsel for the Defendant conducted his deposition of Dr. Anderson, during which he pursued a line of questioning related to the August 2, 2018 Email.

> MR. PHINYOWATTANACHIP: Dr. Anderson, this is an e-mail between you and Mr. Biss, your lawyer; is that correct?
>
> Dr. Anderson: Yes.
>
> MR. PHINYOWATTANACHIP: And this is a true and accurate copy of the e-mail you sent to me?
>
> Dr. Anderson: Yes.
>
> MR. PHINYOWATTANACHIP: In addition to sending this e-mail, did you have a conversation with your lawyer about the receipt of the Dismissal Notice and Right to Sue letter?
>
> Dr. Anderson: I do not recall --

3

MR. BISS: Hold on.  Hold on. I'm going to instruct her not to answer that question. Attorney/client privilege.

MR. PHINYOWATTANACHIP:  And given that you all produced this, Mr. Biss, I would maintain that, you know, you waived privilege with regard to the Dismissal Notice and Right to Sue and when she received it.

MR. BISS: I disagree with you.  I don't think it's a privileged document at all, so I disagree with you.

MR. PHINYOWATTANACHIP:   Well, if it's not privileged, then your conversation about it shouldn't be.

MR. BISS: Well, that doesn't make any sense.  So I stated my objection. I've given her my instruction.

(Mem. Supp. Mot. Compel. Ex. D "Dr. Wendi Anderson Deposition" 11:15–12:20, ECF No. 25-4.)  Counsel for the School Board then properly preserved his objection and placed relevant questions on the record.

On July 22, 2020, the School Board filed the Motion to Compel, asking the Court to "enter an Order requiring [Dr. Anderson] to serve full and complete responses to Interrogatory Number 7 and to answer fully and completely certain questions asked of [her] during a deposition conducted on July 17, 2020, and grant the School Board such other relief as the Court may deem appropriate." (Mem. Supp. Mot. Compel 4.)  Interrogatory Number 7, served on June 10, 2020, asks Dr. Anderson to "[i]dentify and describe any communications between you and any other person from July 26, 2018, through October 30, 2018, inclusive, concerning your intent to file a lawsuit against Defendants and/or the timing of filing such lawsuit." (Mem. Supp. Mot. Compel Ex. A "Defendants' First Set of Interrogatories to Plaintiff" 4, ECF No. 25-1.)  Dr. Anderson's response, filed on July 13, 2020 stated an "Objection – privileged" and began "[o]ther than privileged communications with my attorney" and does not describe any

conversations between her and Mr. Biss. (Mem. Supp. Mot. Compel Ex. F "Plaintiff's Answers and Responses to Defendant's Discovery Requests" 3, ECF No. 25-6.)

Following the Deposition of Dr. Anderson, the Court held an Initial Pretrial Conference and ordered the Parties to file a Discovery Chart. In the Discovery Chart, the School Board reiterates its request that the Court compel Dr. Anderson to fully answer its questions regarding her communications with Mr. Biss and other individuals regarding the arrival of the Dismissal Notice and Right-to-Sue Letter, and the timing of the filing of her lawsuit. (Not. Disc. Chart Ex. A "Discovery Chart" 1–2, ECF No. 26-1.) The School Board also requests that it be permitted to "explore when the Dismissal Notice and Right to Sue letter from the EEOC arrived at the law office of counsel for Plaintiff, including taking the deposition of counsel and his office assistant and/or staff, if any." (Disc. Chart.)

### III. Analysis

The Court will grant the Motion to Compel. The Court concludes that Dr. Anderson voluntarily waived the attorney-client privilege related to the Dismissal Notice, Right-to-Sue Letter, and timing of the lawsuit when she produced the email between her and Mr. Biss discussing those matters. The School Board may therefore conduct discovery relating to Dr. Anderson's receipt of the Dismissal Notice and Right-to-Sue Letter, and the conversations she had with Mr. Biss concerning her receipt of those documents. This pertains directly to the expedited discovery this Court ordered on May 29, 2020. (*See* Am. Order 2.) Well-established Fourth Circuit and other precedent plainly establishes that the School Board may conduct discovery as to the subject matter of when the Dismissal Notice and the Right-to-Sue Letter arrived at the law office of Counsel for Plaintiff. The Court also concludes that Counsel for Plaintiff's objections to the discovery requests were not substantially justified and will allow the

School Board to submit a petition to recover the fees incurred for their preparation of the Motion to Compel and the Discovery Chart.

## A.    **The Attorney-Client Privilege**

"The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) (citation omitted). The United States Court of Appeals for the Fourth Circuit has adopted the "classic test" for determining the existence of attorney-client privilege:

> The privilege applies only if (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir. 1982) (citation omitted). "The burden is on the proponent of the attorney-client privilege to demonstrate its applicability." *Id.* (citation omitted). A party waives the privilege "when the party claiming the privilege has made any disclosure of a confidential communication to any individual who is not embraced by the privilege." *See Hawkins v. Stables*, 148 F.3d 379, 384 n. 4 (4th Cir. 1998) (citation omitted). "Such a disclosure vitiates the confidentiality that constitutes the essence of the attorney-client privilege" and "waives the privilege as to the specific information revealed, but also waives the privilege as to the subject matter of the disclosure." *Id.* (citations omitted).

6

**B.     Dr. Anderson Waived the Privilege As To Her Communications Regarding the Dismissal Notice, Right-to-Sue Letter, and Timing of Her Suit**

Dr. Anderson waived the attorney-client privilege as to her communications with Mr. Biss concerning her receipt of the Dismissal Notice, the Right-to-Sue Letter, and the timing of the filing of her lawsuit in this Court.

In response to the School Board's request for production, Dr. Anderson produced the August 2, 2018 Email which contained communications between herself and Mr. Biss concerning her receipt of the Right-to-Sue Letter and the statutorily required filing date for this action. Mr. Biss's objects that this August 2, 2018 Email is not privileged because Dr. Anderson "was not seeking legal advice and none was given." (Disc. Chart.) This objection lacks merit under well-established Fourth Circuit precedent. A communication may be privileged if it "relates to a fact of which the attorney was informed (a) by his client. . . for the purpose of securing primarily *either* (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding." *Jones*, 696 F.2d at 1072 (emphasis added). The August 2, 2018 Email clearly related to a fact—the Right-to-Sue Letter and the information within—of which Mr. Biss was informed by Dr. Anderson for "assistance in some legal proceeding." *Id.* Furthermore, if the email discussion between Mr. Biss and Dr. Anderson was not privileged, as Mr. Biss claims, then the School Board's line of questioning exploring further communications between Mr. Biss and Dr. Anderson on the same subject would also not require the disclosure of privileged communications, and the objection would lack merit.

By producing the August 2, 2018 Email, Dr. Anderson made a "disclosure of a confidential communication to [an] individual" who was "not embraced by the privilege" and waived any right to claim attorney-client privilege over the August 2, 2018 Email. *Hawkins,* 148 F.3d at 384 n.4. Because such a disclosure "also waives the privilege as to the subject matter of

7

the disclosure," *id.*, the School Board is entitled to further question Dr. Anderson about her communications with Mr. Biss about the receipt of the Dismissal Notice, the Right-to-Sue Letter, and the timing of her lawsuit. As the Fourth Circuit has noted, such information about the timing of the filing of a suit is directly relevant as "district courts should conduct a thorough examination of the facts to determine if reasonable grounds exist for an equitable tolling of the filing period." *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652, 654 (4th Cir. 1987).

Counsel for Plaintiff further contests that "[e]ven if there was a waiver, however, there were no other communications relating to the subject matter of the email, which [Dr. Anderson] confirmed at the deposition." (Disc. Chart.) But, on the record before the Court, Dr. Anderson made no such confirmation at the deposition. Counsel for Plaintiff cannot assert a privilege in a deposition, instruct his client not to answer, and then assert a material fact (that no other relevant information exists) into the record without a means for opposing counsel to ask about it pursuant to this Court's May 29, 2020 Order. Counsel for the School Board merely tracks this Court's May 29, 2020 Amended Order when doing so. (*See* Am. Order 2 ("the parties shall have sixty (60) days to conduct expedited discovery, limited only to the timeliness of the instant case").)

Counsel for Plaintiff has not met his burden of showing the applicability of the attorney-client privilege. *Jones*, 696 F.2d at 1072. The Court deems the privilege waived on this matter up until the time of the filing of Dr. Anderson's lawsuit in this Court on October 30, 2018.

### C.    The School Board May Pursue Discovery As to When the Dismissal Notice and Right-to-Sue Letter Arrived at the Law Office of Counsel for Plaintiff

The School Board is also entitled to pursue discovery as to when the Dismissal Notice and Right-to-Sue letter from the EEOC arrived at the law office of Mr. Biss.

In response to the School Board's request that it be permitted to pursue this line of questioning, Counsel for Plaintiff states that "[t]he date that the EEOC letter arrived at the office

of counsel is irrelevant." (Disc. Chart.) But as this Court stated in its May 29, 2020

Memorandum Opinion, the time limit for filing a suit after receiving a dismissal notice and right-

to-sue letter from the EEOC begins when "either the plaintiff or the plaintiff[']s attorney receives

the right-to-sue letter." *Anderson v. Sch. Bd. of Gloucester Cty., Va.*, No. 3:18cv745, 2020 WL

2832475, at \*10 (E.D. Va. May 29, 2020) (quoting *Irwin v. Dep't of Veteran's Affairs*, 498 U.S.

89, 93 (1990)). The arrival date of the Right-to-Sue Letter at Counsel for Plaintiff's law office

thus bears direct relevance on the timeliness of Dr. Anderson's suit. The School Board may

therefore explore when the Dismissal Notice and Right-to-Sue letter from the EEOC arrived at

the law office of Counsel for Plaintiff, including taking the deposition of Mr. Biss and his staff.

### D. The Court Determines That Counsel for Plaintiff's Objections Were Not Substantially Justified and Will Allow the School Board to Submit Fees for the Preparation of the Motion to Compel and Discovery Dispute

The Court concludes that Counsel for Plaintiff's objections to the School Board's

discovery requests were not substantially justified, and will order Counsel for Defendant to

submit a petition of fees incurred for bringing this motion to compel and discovery dispute

within fourteen days.

> Under Federal Rule of Civil Procedure Rule 37(a)(5)(A), if a motion to compel
>
> is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court **must**, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if: (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;   (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or   (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). "A legal position is 'substantially justified' if

there is a 'genuine dispute' as to proper resolution or if a reasonable person could think it correct,

that is, if it has a reasonable basis in law and fact." *Decision Insights, Inc. v. Sentia Grp., Inc.,*
311 F. App'x 586, 599 (4th Cir. 2009) (citations omitted).

Counsel for Plaintiff persisted in his objections as to the attorney-client privilege to the
School Board's discovery requests despite published Fourth Circuit precedent to the contrary.
*See Hawkins,* 148 F.3d at 384 n.4 ("[s]uch a disclosure vitiates the confidentiality that constitutes
the essence of the attorney-client privilege" and "waives the privilege as to the specific
information revealed, but also waives the privilege as to the subject matter of the disclosure");
*Jones,* 696 F.2d at 1072. In his discovery responses (or at oral hearing), Counsel for Plaintiff
cited no contrary precedent.

Furthermore, Counsel for Plaintiff claimed certain requests for information regarding the
date the Dismissal Notice and the Right-to-Sue Letter arrived at his office were "irrelevant"
despite this Court's May 29, 2020 Memorandum Opinion expressly stating the relevance of such
information and quoting the Supreme Court of the United States on the matter. *See Anderson,*
2020 WL 2832475, at *10 (quoting *Irwin,* 498 U.S. at 93). Given this overwhelming precedent,
a reasonable person could not have thought Counsel for Plaintiff's legal position was "correct" or
had "a reasonable basis in law and fact." *Decision Insights, Inc.,* 311 F. App'x at 599. The
record before the Court plainly demonstrates that the movant, Counsel for the Defendant,
attempted in good faith to obtain disclosure without court action and that no other circumstances
make an award of expenses unjust. *See* Fed. R. Civ. P. 37(a)(5)(A).[3]

---

[3] During the August 13, 2020 hearing on the Motion to Compel, Counsel for Dr.
Anderson asked to "correct" his assertion on the Discovery Chart, (Disc. Chart 2, ECF No. 26-1),
that the information regarding the date of the arrival of the Right-to-Sue Letter at his office was
"irrelevant," (*id*). However, at that point, the assertion of irrelevance had lain uncorrected on the
record for 10 days, necessitating judicial and other resources to respond. Indeed, Counsel for the
School Board began the hearing rebutting the argument of irrelevance.

Counsel for Plaintiff's objections contrary to settled law are particularly troubling given this Court's previous admonishment, in its May 29, 2020 Memorandum Opinion, that Mr. Biss "ensure that all positions, including those in briefing and in support of discovery, 'are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law' . . . [f]ailure to do so could result in sanctions." *Anderson*, 2020 WL 2832475, at *8 n. 16 (quoting Fed. R. Civ. P. 11(b)(2)).  While the Court will only impose monetary penalties in the present dispute, it admonishes Counsel for Plaintiff that failure to abide by this Order, the Court's Initial Pretrial Order, or any other applicable discovery rules, will result in sanctions under Federal Rule of Civil Procedure 37(b)(2)(A)(i); namely, the Court will "direct[] that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims" regarding the date of the arrival of the Dismissal Notice and Right-to-Sue Letter.  Fed. R. Civ. P. 37(b)(2)(A)(i).

Having given Plaintiff an opportunity to be heard, the Court orders Counsel for Defendant to submit a petition of fees incurred bringing this motion within fourteen days. Should Counsel for Plaintiff challenge fees, any filing must be submitted no later than five days after Counsel for the Defendant's petition.

### IV. Motion for Partial Summary Judgment

On August 12, 2020, Dr. Anderson filed a Motion for Partial Summary Judgment despite the pendency of this discovery dispute. (ECF No. 29.)  In that motion, Dr. Anderson proffered discovery responses in support of her motion.  In response, the School Board filed a Motion for Extension of Time to Respond until discovery is completed.  (ECF No. 31.)

Given today's ruling, the Motion for Partial Summary Judgment is denied without prejudice and the Motion for Extension is denied as moot.

11

## V. Conclusion

For the foregoing reasons, the Court will grant the Motion to Compel. (ECF No. 24.) The Court will order Dr. Anderson to respond to Interrogatory Number 7 and all questions relating to her communications regarding her receipt of the Dismissal Notice, Right-to-Sue Letter, and the timing of the filing of this case up until October 30, 2018.

The Court also orders Counsel for Plaintiff and his staff to respond to any and all questions regarding the arrival of the Dismissal Notice and Right-to-Sue Letter at his law office, including sworn testimony if sought.[4] The Court reiterates that the privilege is waived as limited in time and subject matter as identified in this Memorandum Opinion.

The Court also will order Counsel for the Defendant to submit a petition of fees incurred bringing this motion within fourteen days. Failure to abide by this Memorandum Opinion and Order will result in further sanctions, as appropriate, under Rule 37(b)(2)(A)(i).

Considering the delay caused by this discovery dispute, the Court will allow an additional forty-five days for the Parties to conduct expedited discovery, limited to timeliness of the filing of this case as described in the May 29, 2020 Amended Order. Unless the parties come to agreement on the issue, sixty (60) days from entry of this Memorandum Opinion and Order, the parties shall file Cross Motions for Partial Summary Judgment Regarding the Application of the Statute of Limitations to this case. Each party shall respond to the other's motion no later than

---

[4] The Court acknowledges that Virginia Rule of Professional Conduct 3.7(a) prohibits a lawyer to act as a witness in a client's case. *See* Va. R. Prof'l Conduct 3.7(a). But this testimony is material to a disputed fact. The Court recognizes that, under Virginia Rule of Professional Conduct 3.7(a)(3), if disqualification "would work substantial hardship on a client . . . (b) . . . the lawyer may continue the representation until it is apparent that the testimony is or may be prejudicial to the client." *Id.* at 3.7(a)(3), 3.7(b).

twenty (20) days following the Partial Motion for Summary Judgment.  No other briefing on that issue will be allowed.

For the reasons stated from the Bench at the August 13, 2020 hearing, the Court will deny Dr. Anderson's Motion for Partial Summary Judgment without prejudice, (ECF No. 29), and deny the School Board's Motion for Extension as moot, (ECF No. 31).

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 8/13/20
Richmond, Virginia

13