**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**DR. WENDI H. ANDERSON,**

     **Plaintiff,**

v.                                                      **Civil Action No. 3:18cv745**

**THE SCHOOL BOARD OF GLOUCESTER**
**COUNTY, VIRGINIA,**

     **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on four motions:

(1)    Defendant the School Board of Gloucester County, Virginia's (the "School Board") First Motion for Partial Summary Judgment[1] Regarding Statute of Limitations (the "School Board's Motion for Partial Summary Judgment"), (ECF No. 41);

(2)    Plaintiff Dr. Wendi H. Anderson's Motion for Partial Summary Judgment ("Dr. Anderson's Motion for Partial Summary Judgment") (collectively, the "Cross Motions for Partial Summary Judgment" or the "Cross Motions"), (ECF No. 43);

(3)    The School Board's Motion for Sanctions Under Rule 37(b)(2) (the "Motion for Sanctions"), (ECF No. 37); and,

(4)    The School Board's Motion for Attorney's Fees (the "Motion for Fees"), (ECF No. 35).

---

[1] Federal Rule of Civil Procedure 56(a) provides, in pertinent part:

(a) **Motion for Summary Judgment or Partial Summary Judgment.** A party may move for summary judgment, identifying each claim or defense . . . on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).

The School Board and Dr. Anderson each responded to the Cross Motions. (ECF Nos. 45 & 46). Neither Party replied, and the time to do so has expired. Dr. Anderson responded to the Motion for Sanctions, (ECF No. 39), and the School Board replied, (ECF No. 40). Dr. Anderson did not respond to the Motion for Fees, and the time to do so has expired.

These matters are ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons stated below, the Court will grant Dr. Anderson's Motion for Partial Summary Judgment and deny the School Board's Motion for Partial Summary Judgment. Next, the Court will grant in part and deny in part the School Board's Motion for Sanctions. Finally, the Court will grant the School Board's Motion for Fees.

## I. Factual[2] and Procedural Background

Dr. Anderson, a teacher at Page Middle School in Gloucester County, Virginia ("Page"), brings what is now a one-count action arising out of the School Board's alleged failure to provide reasonable accommodations under the Americans with Disabilities Act ("ADA") for Dr. Anderson's scent sensitivity and allergies. This Motion pertains to the School Board's contention that Dr. Anderson filed her suit one day late, which would deprive this Court of jurisdiction.[3]

---

[2] In recounting the factual history, the Court relates the undisputed facts as articulated in the parties' briefing on both motions for summary judgment. In ruling on each motion, the Court will view the undisputed facts and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

[3] A plaintiff must file suit within 90 days of receipt of the notice. 42 U.S.C. §§ 2000e-5(f)(1), 12117(a). "When the date that a potential plaintiff received actual notice of right to sue is disputed or unknown, [Federal Rule of Civil Procedure] 6(e) creates the presumption that notice was received three days after it was mailed." *Panyanouvong v. Vienna Wolftrap Hotel*, 525 F. Supp. 2d 793, 796–97 (E.D. Va. 2007) (deciding an Age Discrimination in Employment Act motion to dismiss) (citing *Nguyen v. Inova Alexandria Hosp.*, No. 98cv2215, 187 F.3d 630,

2

On June 27, 2018, Dr. Anderson filed a Charge of Discrimination with the EEOC. (*See* Mem. Supp. School Board Mot. Partial. Summ. J. Ex. A "Charge of Discrimination" ECF No. 42-1.) On July 26, 2018, the EEOC mailed Dr. Anderson and Counsel for Plaintiff a copy of the Right-to-Sue Letter. The Right-to-Sue Letter advised Dr. Anderson that "her lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice** or your right to sue based on this charge will be lost." (*Id.* Ex. C "Right-to-Sue Letter" 1, ECF No. 42-3 (emphasis in original).) Both the Right-to-Sue Letter and the accompanying envelope reflect that the EEOC mailed the Right-to-Sue Letter on July 26, 2018. (*Id.* 4.) The envelope also reflects that the EEOC mailed the Right-to-Sue Letter to two additional parties: (1) "Gwen H. Ciemniecki," an employee of the School Board; and, (2) "Steven Bliss [sic]," Counsel for Plaintiff. (*Id.*) On October 30, 2018, eighty-nine days after allegedly receiving the Right-to-Sue Letter, Anderson filed this suit. (ECF No. 1.)

### A.     Dr. Anderson's Receipt of the Right-to-Sue Letter

The Parties dispute the date Dr. Anderson received the Right-to-Sue Letter, and therefore whether she timely filed the instant action. Between July 13, 2018, and August 2, 2018, Dr. Anderson vacationed out of town with her family, travelling to an outdoor camp in Michigan for two weeks. (Mem. Supp. Anderson Mot. Part. Summ. J. Ex. A "Anderson Interrog. Resps. 2, ECF No. 44-1.) On August 1, 2018, Anderson and her family left Michigan to return to Virginia but made "an unexpected visit to the emergency room in Sandusky, Ohio" due to complications

---

at *3 (4th Cir. July 30, 1999)). If Dr. Anderson did not in fact receive the Right-to-Sue Letter on August 2, 2018, and the date of the letter's arrival is unknown, then the School Board contends that under the three-day rule, Dr. Anderson filed her suit one day late depriving this Court of its power to hear the case.

resulting from Anderson's condition. (*Id.* 3–4.) Anderson and her family arrived home to Urbanna, Virginia shortly after midnight on August 2, 2018. (*Id.* 10.)

While Dr. Anderson was on vacation, her neighbor, Eileen Smith, "was authorized to retrieve mail from the mailbox at her discretion and bring it inside." (*Id.* 13.) A text message exchange between Anderson and Smith on August 5, 2018, shows that Smith placed some mail on Anderson's computer chair during Anderson's two-week vacation, but Smith could not recall the last date she had done so. (*Id.* 13–15.) Smith states that she left the mail in that location "knowing it would have to be seen and moved in order to use [the] chair." (*Id.* 15.) Despite this, Anderson reports that her "mailbox was quite full" when she returned from Michigan in the early morning of August 2, 2018. (*Id.* 20.) She "sifted through the mail to see if the EEOC letter had" arrived and determined that "[i]t had not." (*Id.*)

Later in the morning of August 2, 2018, Anderson reports that she "found the stack of mail on my computer chair" but "sifted through and found no EEOC letter." (*Id.* 21.) At 7:57 a.m. that day, Dr. Anderson sent an email, copying Mr. Biss, regarding her instant claims against the School Board to her "VEA [Virginia Education Association] representative, Norm Brown." (*See id.*) The email addressed tasks Dr. Anderson "had been ordered by Principal McMahon to do while [Dr. Anderson] was on Family Medical Leave." (*Id.*) Dr. Anderson did not mention the Right-to-Sue Letter in that email. (*See id.*) After returning home from a doctor's appointment in Richmond, Virginia, Dr. Anderson sent several lengthy emails over the course of the afternoon. (*Id.* 22–30.) At 5:12 p.m., Dr. Anderson sent another email regarding her case to two VEA representatives. In that email, Dr. Anderson states that one of the now-dismissed defendants, an employee of the School Board, "has created a hostile work environment, and I have filed a complaint with the EEOC as such." (*Id.* 28.)

That same day, on the evening of August 2, 2018, Anderson states that she retrieved the mail from the mailbox at 6:36 p.m. and found the Right-to-Sue Letter. (*Id.* 29.) At 6:42 p.m., six minutes later, Anderson sent an email to Mr. Biss stating "I received a dismissal notice and right to sue letter today 8-2-18. Looks like we have 90 days." (Mem. Supp. School Board Mot. Part. Summ. J. Ex. E "August 2–3, 2018 Email Chain" 3, ECF No. 42-5.) On August 3, 2018, at 9:04 a.m., Mr. Biss responded: "Yes, I received the letter today. So we must file suit on or before October 30, 2018. Please confirm my math." (*Id.* 2.) Dr. Anderson responded three hours later: "Steve, [t]hat date sounds about right." (*Id.* 1.)

On August 5, 2018, Dr. Anderson texted Smith, her neighbor, about a package that she could not locate. (*See* Anderson Interrog. Resps. 14–16.) During that conversation, Anderson asks her neighbor whether she checked the mail "around [July] 20th," but Smith could not recall "specific dates." (*Id.* 15.) Dr. Anderson stated that "I wonder if the post office stopped putting stuff in [the mailbox] [or] if [Dr. Anderson's husband] just can't remember what he did with any he might have picked up when he got home." (*Id.*)

## B.    Initial Discovery Dispute and the Motion to Compel

On May 29, 2020, the Court granted in part and denied in part Defendant's Second Motion to Dismiss.[4] (*See* May 29, 2020 Mem. Op. & Am. Order, ECF Nos. 16 & 17.) In the May 29, 2020 Amended Order, the Court ordered expedited briefing on the issue of whether Dr. Anderson timely filed her suit in this Court, stating

> the parties shall have sixty (60) days to conduct expedited discovery, limited only to the timeliness of the instant case. Unless the parties come to agreement on the

---

[4] Dr. Anderson originally also brought suit against Dr. Patricia J. McMahon and Gywn M. Ciemniecki—both employees of the School Board. In the May 29, 2020 Memorandum Opinion and Amended Order, the Court granted the Second Motion to Dismiss on all claims pertaining to Dr. McMahon and Ciemniecki and dismissed them as defendants in the action. (Am. Order 1, ECF No. 17.)

issue, seventy five (75) days from entry of this Memorandum Opinion and Amended Order, the parties shall file Cross Motions for Partial Summary Judgment Regarding the Application of the Statute of Limitations to this case. Each party shall respond to the other's motion no later than twenty (20) days following the Partial Motion for Summary Judgment. No other briefing on that issue will be allowed.

(Am. Order 2.)

On July 22, 2020, the School Board filed a Motion to Compel based on Plaintiff's attorney-client privilege objections regarding the August 2, 2018 Email. (ECF No. 24.) On August 13, 2020, the Court issued a Memorandum Opinion and Order granting the School Board's Motion to Compel.[5] (Aug. 13, 2020 Mem. Op. & Order, ECF Nos. 33 & 34.) The Court ordered that the Parties conclude expedited discovery "by the close of business on September 28, 2020," submit cross motions concerning the timeliness of the present action by

---

[5] In the August 13, 2020 Memorandum Opinion, the Court found that by producing the August 2, 2018 Email to the School Board, Dr. Anderson made a "'disclosure of a confidential communication to [an] individual' who was 'not embraced by the [attorney-client] privilege' and waived any right to claim attorney-client privilege over the August 2, 2018 Email." (Aug. 13, 2020 Mem. Op. 7, ECF No. 33 (quoting *Hawkins v. Stables*, 148 F.3d 379, 384 n.4 (4th Cir. 1998) (citation omitted).) The Court found that the School Board was entitled to limited further questioning of Dr. Anderson "about her communications with Mr. Biss about the receipt of the Dismissal Notice, the Right-to-Sue Letter, and the timing of her lawsuit." (*Id.* 8.) After admonishing Counsel for Plaintiff that the objections "were not substantially justified," the Court found that Counsel for the School Board had the right to further explore the arrival of the Dismissal Notice and Right-to-Sue Letter, "including taking the deposition of Mr. Biss and his staff." (*Id.* 8–9.)

6

October 12, 2020, and respond to the cross motions no later than November 2, 2020.[6]  (Aug. 13,

2020 Order 1, ECF No. 34.)  For the reasons stated from the Bench, the Court ordered the School

Board to submit a petition of fees incurred in bringing the discovery dispute pursuant to Federal

Rule of Civil Procedure Rule 37(a)(5)(A).

### C.     Mr. Biss's Receipt of the Right-to-Sue Letter

Pursuant to the Court's August 13, 2020 decision, Counsel for the School Board

conducted the deposition of Mr. Biss concerning the issue of the Right-to-Sue Letter's receipt.

At his deposition, Mr. Biss provided the School Board with his saved copy of his version of the

Right-to-Sue Letter, which he had labeled "Right to Sue Letter – Received 8.2.18."  (Mem.

Supp. School Board Ex. F "Deposition of Steven Biss" 1, ECF No. 42-6.)  The metadata for the

scanned file reveals that the Right-to-Sue Letter was "scanned in" to Mr. Biss's computer at 9:02

a.m. on August 3, 2018, and that Mr. Biss last modified the file at that time.  (*Id.*)

When asked why he saved the file on August 3, 2018 but marked the letter as received on

August 2, 2018, Mr. Biss stated that

> I presumed when I created the name of this document, because I got it at 9 o'clock
> in the morning because I opened my mailbox it was there . . . I presumed that they
> delivered it on August 2, okay?  That they delivered it at – sometime on August 2.
> I just presumed that.

---

[6] The Court warned Counsel for Plaintiff

that failure to abide by this Order, the Court's Initial Pretrial Order, or any other
applicable discovery rules, will result in sanctions under Federal Rule of Civil
Procedure 37(b)(2)(A)(i); namely, the Court will 'direct[] that the matters embraced
in the order or other designated facts be taken as established for purposes of the
action, as the prevailing party claims' regarding the date of the arrival of the
Dismissal Notice and Right-to-Sue Letter.

(*Id.* (quoting Fed. R. Civ. P. 37(b)(2)(A)(i)).)

(*Id.* 2.)  Mr. Biss further stated that he remembered being in the office on August 2, 2018, but could not remember whether he was in the office "every single day of that week" because "too much time's gone by."  (*Id.*)

### D.  Dr. Anderson's October 23, 2018 Email to Mr. Biss

On October 23, 2018, Dr. Anderson sent an email to Mr. Biss.  She stated that "[m]y due date for the lawsuit is about 6 days away and I we [sic] haven't met to exchange all this information I FOIAd."  (Mem. Supp. School Board Mot. Part. Summ. J. Ex. H "Oct. 23, 2018 Email" 1, ECF No. 42-8.)  Dr. Anderson requested that Mr. Biss "[p]lease update [her] on the plan and when we can meet this week to handoff all this info I have."  (*Id.*)

During its September 11, 2020 deposition of Dr. Anderson, Counsel for the School Board asked why Dr. Anderson referred to the due date for her lawsuit as being six days away from October 23, 2018.  (Mem. Opp. Anderson Mot. Partial Summ. J. Ex. 3 "Sept. 11, 2020 Deposition of Wendi Anderson" 1, ECF No. 45-3.)  Dr. Anderson stated that:  "I was writing it [sic] that was six days before I had to have everything to [Mr. Biss] so that he could file."  (*Id.*)

### E.  Counsel for the Parties Continued Discovery Issues

The Motion for Sanctions addresses Counsel for Plaintiff's conduct following the Court's August 2020 Memorandum Opinion and Order granting the School Board's Motion to Compel and ordering expedited discovery.

A series of exchanges between Counsel preceded what was to have been the September 11, 2020 deposition of Dr. Anderson and Mr. Biss as ordered by the Court on August 13, 2020. On August 14, 2020, the day after the Court's August 13, 2020 Order (and the first day of the expedited discovery schedule), Counsel for the School Board sent an email to Mr. Biss asking whether Dr. Anderson would be supplementing her responses in light of the Court's decision and

8

requesting that Counsel for Anderson deliver the supplemental responses by Wednesday, August 19, 2020.  (Mem. Supp. Mot. Sanctions Ex. 2 "Email Chain" 4, ECF No. 38-1.)  Counsel for the Parties suggested dates to depose Anderson.  (*Id.*)

On August 20, 2020, six days later, Counsel for the School Board sent another email to Mr. Biss "to follow up on my email below."  (Email Chain 3.)  Counsel continued that

> I requested the [supplementary response] information by yesterday, August 19, 2020.  I still have not received the additional information and records.  This information should have been provided before now and your continued refusal to provide it is prejudicing my client's ability to timely prepare for and meet the summary judgment deadline established by the court.

(*Id.*)  Counsel for the School Board asked Mr. Biss to "[p]lease provide the supplemental responses today" and to "please let me know no later than close of business today whether you and your client are available for the depositions on Thursday, August 27th."  (*Id.*)

Five minutes later, Mr. Biss responded that "The 27th works for the depositions.  I have Dr. Anderson's supplemental interrogator [sic] answers, and will endeavor to get those typed up and served prior to the 27th.  I will be out of the office on vacation from 8/21 to 8/24."  (*Id.* 2)  Two hours later, Counsel for the School Board responded that "[i]f we do not get the additional information and records, which should have already been provided, until after you come back from vacation, the August 27th date will not work for us.  Please provide your availability for September 9, 10, or the 11th."  (*Id.*)  Mr. Biss did not respond.

On August 27, 2020, fourteen days into expedited discovery and having still not received the supplemental responses, Counsel for the School Board again contacted Mr. Biss, noting that the Court ordered Mr. Biss "to respond in its order dated August 13, 2020," and that the delay "has prejudiced [the] client's ability to prepare its defense."  (*Id.* 1–2.)

The next day, on August 28, 2020, the School Board filed the instant Motion for Sanctions, seeking sanctions under Federal Rule of Civil Procedure 37(b)(2)(A)(i) and asking the Court to "direct[] that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims" regarding the date of the arrival of the Dismissal Notice and Right-to-Sue Letter.[7] (*See* Mem. Supp. Mot. Sanctions 2, ECF No. 38 (quoting Aug. 13, 2020 Mem. Op. 11).) The same day, Dr. Anderson served her "Second Supplemental Answers and Responses" on the School Board. (ECF No. 39-1.)

Counsel for Plaintiff continued to serve additional responsive discovery on the School Board even into September. For example, on September 10, 2020 at 5:45 p.m.—the day before Dr. Anderson's scheduled deposition—Counsel for Plaintiff sent an email to Counsel for the School Board containing an attachment entitled "Plaintiff's Third Supplemental Answers and Responses to Defendant's Discovery Requests." (Reply Mot. Sanctions Ex. 1 "Sept. 10, 2020 Email" 1, ECF No. 40-1.) On September 11, 2020, during his own deposition, Mr. Biss gave the School Board another responsive document—indeed the most pertinent document—his saved, scanned copy of the Right-to-Sue Letter. (Reply Mot. Sanctions Ex. 1 "Sept. 11, 2020 Email" 1, ECF No. 40-2.)

### F.    **Pending Motions**

On August 27, the School Board filed the Motion for Fees, seeking fees for time spent preparing the Motion to Compel. (ECF No. 35.) The next day, on August 28, 2020, the School

---

[7] Specifically, the School Board asks the Court to "find the following facts to be established for purposes of this action: (1) Plaintiff filed her Complaint outside of the 90-day limitations period; and (2) equitable tolling does not apply in this case." (Mem. Supp. Mot. Sanctions 6–7.)

Board filed the Motion for Sanctions.[8]  (ECF No. 37.)  On September 10, 2020, Dr. Anderson

responded to the Motion for Sanctions.  (ECF No. 39.)  Dr. Anderson never filed a response to

the earlier-filed Motion for Fees.  On October 12, 2020, the Parties filed their Cross Motions for

Partial Summary Judgment.  (ECF Nos. 41 & 43.)  The School Board and Dr. Anderson each

responded to the Cross Motions, (ECF Nos. 45 & 46), and neither Party replied.

For the reasons that follow the Court will grant Dr. Anderson's Motion for Partial

Summary Judgment and deny the School Board's Motion for Partial Summary Judgment.  The

Court will grant in part and deny in part the School Board's Motion for Sanctions.  The Court

will grant the Motion for Fees.

## II.  Standard of Review:  Rule 56 Summary Judgment

Summary judgment under Rule 56 is appropriate only when the Court, viewing the record

as a whole and in the light most favorable to the nonmoving party, determines that there exists no

genuine issue of material fact, and that the moving party is entitled to judgment as a matter of

law.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–24 (1986); *Liberty Lobby, Inc.*, 477 U.S. at

248–50.

"A fact is material if the existence or non-existence thereof could lead a [finder of fact] to

different resolutions of the case." *Thomas v. FTS USA, LLC*, 193 F. Supp. 3d 623, 628 (E.D. Va.

2016) (citing *Liberty Lobby*, 477 U.S. at 248).  Once a party has properly filed evidence

supporting its motion for summary judgment, the nonmoving party may not rest upon mere

allegations in the pleadings, but instead must set forth specific facts illustrating genuine issues

---

[8] The School Board seeks sanctions under Federal Rule of Civil Procedure 37(b)(2)(A)(i) and asks the Court to "direct[] that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims" regarding the date of the arrival of the Dismissal Notice and Right-to-Sue Letter.  (*See* Mem. Supp. Mot. Sanctions 2 (quoting Aug. 13, 2020 Mem. Op. 11).)

11

for trial. *Celotex Corp.*, 477 U.S. at 322–24. The parties must present these in the form of exhibits and sworn affidavits. Fed. R. Civ. P. 56(c).

A court views the evidence and reasonable inferences drawn therefrom in the light most favorable to the nonmoving party. *Liberty Lobby*, 477 U.S. at 255. Whether an inference is reasonable must be considered in conjunction with competing inferences to the contrary. *Sylvia Dev. Corp. v. Calvert Cnty.*, 48 F.3d 810, 818 (4th Cir. 1995). Nonetheless, the nonmoving "party is entitled 'to have the credibility of his [or her] evidence as forecast assumed.'" *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (*en banc*) (quoting *Charbonnages de France v. Smith*, 597 F.2d 406, 414 (4th Cir. 1979)).

In the end, the nonmoving party must do more than present a scintilla of evidence in its favor. *Sylvia Dev. Corp.*, 48 F.3d at 818. Where the court is faced with cross motions for summary judgment, as in the instant case, the court must review each motion separately on its own merits. *Rossignol v. Voorhaar*, 316 F.3d 516, 523 (4th Cir. 2003). On cross motions for summary judgment, "each motion [is] considered individually, and the facts relevant to each [are] viewed in the light most favorable to the non-movant." *Mellen v. Bunting*, 327 F.3d 355, 363 (4th Cir. 2003).

### III. Analysis

The Court first addresses the Parties' Cross Motions for Partial Summary Judgment. The Court determines that although the School Board disputes the date of receipt for the Right-to-Sue Letter, Dr. Anderson provides evidence that rebuts the three-day presumption of delivery under

Federal Rule of Civil Procedure 6(d)[9] and establishes that she timely filed the present action. The Court will therefore grant Dr. Anderson's Motion for Partial Summary Judgment and deny the School Board's Motion for Partial Summary Judgment.

Next, the Court turns to the Motion for Sanctions. The Court will not issue the sanctions requested under Rule 37(b)(2)(A)(i). Given the repeated dilatory and improper conduct by Counsel for Plaintiff even after the Court granted a motion to compel and ordered expedited discovery, the Court will impose, rather than an adverse finding, monetary sanctions in the form of fees on Plaintiff.

Finally, the Court finds the School Board's initial request for fees arising out of preparing the earlier-filed Motion to Compel to be reasonable under the United States Court of Appeals for the Fourth Circuit's reasonableness factors established in *Anderson v. Foundation for Advancement, Education & Employment of American Indians*, 155 F.3d 500, 504 (4th Cir. 1998). Therefore, the Court will grant the Motion for Fees.

---

[9] Federal Rule of Civil Procedure 6(d) states that

> when a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail), (D) (leaving with the clerk), or (F) (other means consented to), 3 days are added after the period would otherwise expire under Rule 6(a).

Fed. R. Civ. P. 6(d).

**A.      The Court Will Grant Dr. Anderson's Motion for Partial Summary
        Judgment and Deny the School Board's Motion for Partial Summary
        Judgment**

Dr. Anderson successfully rebuts Rule 6(d)'s three-day presumption and establishes that

she timely filed her suit.  The Court will therefore grant her Motion for Partial Summary

Judgment.[10]

The School Board disputes the date of receipt for the Right-to-Sue Letter.  Considering

the circumstances of Dr. Anderson's travel from Michigan to Virginia from August 1–2, 2018,

and the circumstances of the mail waiting for her upon her return, the School Board's challenge

to the date of delivery of the Right-to-Sue Letter insufficiently triggers the three-day

presumption. *Panyanouvong,* 525 F. Supp. 2d at 796–97 (citing *Nguyen,* 1999 WL 556446,

at \*3); *see also Smith v. N. Virginia Orthodontics Ctr., LLC.*, No. 1:18cv1244, 2019 WL

3225686, at \*3 n.3 (E.D. Va. July 16, 2019) (finding it proper to apply three-day presumption

"even where plaintiff has submitted a sworn statement regarding receipt on summary

judgment.")  The burden thus falls to Dr. Anderson to rebut this presumption with contrary

evidence. *Scott v. Hampton City Sch. Bd.*, 4:14cv128, 2015 WL 1917012, at \*3 (citing *Nguyen*,

1999 WL 556446, at \*3).  She does so here by providing contemporaneous documentation

regarding both her and Mr. Biss's receipt of the Right-to-Sue Letter on August 2, 2018.

---

[10]  Because the Court considers Dr. Anderson's Motion for Partial Summary Judgment
here, it approaches that motion "individually" and views the facts "in the light most favorable to
the [School Board]." *Bunting*, 327 F.3d at 363.

1. **Legal Standard:  Timeliness of Suits Following Right-to-Sue Letters**

The ADA requires a plaintiff to file a complaint in federal court within 90 days of the receipt of a right-to-sue letter[11] issued by the EEOC.  42 U.S.C. §§ 2000e-5(f)(1), 12117(a). Courts in the Fourth Circuit strictly construe the 90-day time limit in which a plaintiff must file suit following receipt of a right-to-sue letter.  *Lewis v. Norfolk Southern Corp.*, 271 F. Supp. 2d 807, 811 (E.D. Va. 2013) (ADEA) (citing *Harvey v. City of New Bern Police Dep't*, 813 F.2d 652 (4th Cir. 1987) (Title VII); *Boyce v. Fleet Finance Inc.*, 802 F. Supp. 1404 (E.D. Va. 1992) (Title VII).  The time limit begins when either the plaintiff or the plaintiff's attorney receives the right-to-sue letter.  *Irwin v. Dep't of Veteran's Affairs*, 498 U.S. 89, 93 (1990).

"Of course, if the actual date of receipt is confirmed by evidence, that date governs." *Nguyen*, 1999 WL 556446, at *3.  But "[w]hen the date that a potential plaintiff received actual notice of right to sue is disputed or unknown, [Federal Rule of Civil Procedure] 6(e)[12] creates the presumption that notice was received three days after it was mailed."  *Panyanouvong*, 525 F. Supp. 2d at 796–97 (citing *Nguyen*, 1999 WL 556446, at *3).  A plaintiff may rebut this presumption with contrary evidence.  *Scott*, 2015 WL 1917012, at *3 (citing *Nguyen*, 1999 WL 556446, at *3).

---

[11] A right-to-sue letter, EEOC Form 161, informs the employee of the reason the EEOC declined to proceed against the offending employer and contains a "Notice of Suit Rights" section, which informs the petitioner of her or his right to bring suit against the offending employer.  U.S. EQUAL EMP'T OPPORTUNITY COMM'N, EEOC FORM 161: DISMISSAL AND NOTICE OF RIGHTS (2009), https://www.eeoc.gov/sites/default/files/migrated_files/eeoc/foia/forms/form_161.pdf.

[12] The current version of the three-day presumption can be found in Federal Rule of Civil Procedure 6(d), *see Scott*, 2015 WL 1917012 at *3 n.3, which states that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C)(mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)," Fed. R. Civ. P. 6(d).

While the Fourth Circuit has not directly addressed this issue, federal courts in Virginia have concluded that the plaintiff bears the burden of demonstrating that he or she timely filed his or her claim after receiving notice from the EEOC of his or her right to sue. *Darden v. Cardinal Travel Ctr.*, 493 F. Supp. 2d 773, 775–76 (W.D. Va. 2007); *see also Williams v. Enter. Leasing Co.*, 911 F. Supp. 988, 993 (E.D. Va. 1995) ("the Court is persuaded that the burden of proving that the limitations period has been satisfied falls on the plaintiff once the issue has been appropriately raised by the defendant.").

"If a claimant presents sworn testimony or other admissible evidence from which it could reasonably be inferred either that the notice was mailed later than its typewritten date or that it took longer than three days to reach her by mail, the initial presumption is not dispositive." *Weathersbee v. Balt. City Fire Dep't*, 970 F. Supp. 2d 418, 427–28 (D. Md. 2013) (quoting *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 526 (2d Cir. 1996); *see also Payan v. Aramark Mgmt. Servs. Ltd. P'ship*, 495 F.3d 1119, 1126 (9th Cir. 2007) ("to rebut a mailing presumption, the plaintiff must show that [he or] she did not receive the EEOC's right-to-sue letter in the ordinary course.").

### 2. The Court Will Grant Dr. Anderson's Motion for Partial Summary Judgment Because She Has Successfully Rebutted the Three-Day Presumption with Evidence Regarding the Date of Receipt

Dr. Anderson provides contemporaneous documentation of the receipt of the Right-to-Sue Letter at her home and at the law office of Mr. Biss. Considering this evidence, the Court finds that Dr. Anderson has demonstrated that the Right-to-Sue Letter did not arrive in the ordinary course and that the three-day presumption should not be dispositive.

Dr. Anderson contemporaneously documented her receipt of the Right-to-Sue Letter. On August 2, 2018, at 6:42 p.m., Dr. Anderson sent Mr. Biss an email stating: "I received a

dismissal notice and right to sue letter today 8-2-18. Looks like we have 90 days." (Aug. 2–3, 2018 Email Chain 1.) Dr. Anderson's August 2, 2018 Email to Mr. Biss thus provides contemporaneous documentation supporting her assertions that she received the Right-to-Sue Letter on August 2, 2018.

Mr. Biss also documented at the moment his receipt of the Right-to-Sue Letter, showing that he also received the letter on August 2, 2018. On August 3, 2018, at 9:04 a.m., Mr. Biss responded to Dr. Anderson's email: "Yes, I received the letter today. So we must file suit on or before October 30, 2018. Please confirm my math." (*Id.* 2.) Mr. Biss also saved a PDF copy of the Right-to-Sue Letter under "Right to Sue Letter – Received 8.2.18." (Biss. Dep. 1.)[13]

Because Dr. Anderson and Mr. Biss both documented their receipt of the Right-to-Sue Letter, they have submitted compelling evidence showing that they "did not receive the EEOC's right-to-sue letter in the ordinary course" and that the three-day presumption should not apply. *Payan*, 495 F.3d at 1126. This correspondence between Dr. Anderson and Mr. Biss predated any significant motive to fabricate the date of receipt of the Right-to-Sue Letter. Even if letter had arrived before August 2, 2018, Dr. Anderson "would [have] had until Monday, October 29, 2018 to file her lawsuit" based on the three-day presumption under Rule 6(d). (Mem. Supp. School Board Mot. Part. Summ. J. 2.) Therefore, even on that timeline, Dr. Anderson would still have had eighty-eight days to file her Original Complaint in this Court. And as the School Board observes, Dr. Anderson's Original Complaint "filed on October 30, 2018 was 'substantially'

---

[13] Although the metadata for the PDF file shows that Mr. Biss created the file on August 3, 2018, Mr. Biss explained that he "presumed when I created the name of this document, because I got it at 9 o'clock in the morning [on August 3] because I opened my mailbox it was there . . . I presumed that they delivered it on August 2." (Biss Dep. 2.) Considering that Mr. Biss responded to Dr. Anderson's August 2, 2018 email at 9:04 in the morning on August 3, 2018—presumably before any mail had been delivered that day—the Court finds the inference that Mr. Biss also received the Right-to-Sue Letter the day before reasonable. (*Id.*)

finalized over four months earlier in June 2018" and "Plaintiff was in prime position to file the lawsuit well in advance" of any late October 2018 deadline. (Mem. Supp. School Board Mot. Part. Summ. J. 10.) Even viewing the evidence in the light most favorable to the School Board, the Court sees little reason to infer that Dr. Anderson or Mr. Biss falsified their date of receipt to buy themselves an extra two days to file an already near-finalized complaint when they still possessed nearly three months to file.

Nonetheless, the School Board argues that the "only evidence that the right-to-sue letter arrived some time on August 2, 2018—and was not in the stack of mail [Dr. Anderson] retrieved upon arriving home or in the stack that Smith had collected and left on the computer chair—is [Anderson's] own testimony." (*Id.* 7.) The School Board suggests that although Dr. Anderson emailed Mr. Biss on the evening of August 2, 2018 confirming receipt of the Right-to-Sue Letter, she might have found it in previously delivered mail located in her mailbox or in her computer chair. (*Id.*) This version of events, however, does not align with the facts before this Court.

Mr. Biss received the Right-to-Sue Letter in the mail the same day as Dr. Anderson. The coincident delivery of the letter to Mr. Biss and to Dr. Anderson supports a finding that the Right-to-Sue Letter did not arrive in the ordinary course of business. The text of Dr. Anderson's email to Mr. Biss, and her previous emails on August 2, 2018, also align with such a finding. Dr. Anderson did not mention the Right-to-Sue Letter in an early morning email to a VEA representative. (Anderson Interrog. Resp 21.) After 5:00 p.m., Dr. Anderson sent another email, again referencing her case, stating that one of the now-dismissed defendants "has created a hostile work environment, and *I have filed a complaint with the EEOC as such.*" (*Id.* 28 (emphasis added).) Just ninety minutes later, at 6:42 p.m., Dr. Anderson sent the email to Mr.

Biss stating "I received a dismissal notice and right to sue letter today 8-2-18.  Looks like we have 90 days." (August 2–3, 2018 Email Chain 3.)

These communications strongly support Dr. Anderson's assertion that the Right-to-Sue Letter did not reach Dr. Anderson's home until the evening of August 2, 2018.  Dr. Anderson sent these emails, beginning early in the morning, presumably while using her computer where Smith had left the mail "knowing it would have to be seen and moved in order to use [the] chair." (Anderson Interrog. Resps. 15.)  One evening email referenced her case against the School Board, but did not say that the Right-to-Sue Letter had arrived.  In fact, that email seemed to indicate that Dr. Anderson believed her complaint with the EEOC was still active.

Finally, her email to Mr. Biss stating that she "received a dismissal notice and right to sue letter today" made no mention of finding the letter in a previously delivered stack of mail— again, raising the strong inference that she did not find the letter before retrieving the mail from her mailbox that evening.  (August 2–3, 2018 Email Chain 3.)  Because Dr. Anderson has presented "admissible evidence from which it could reasonably be inferred" that the Right-to-Sue Letter arrived at both her residence and Mr. Biss's law office on August 2, 2018,  Dr. Anderson has successfully rebutted the three-day presumption.[14]  *Weathersbee*, 970 F. Supp. 2d at 428 (citation omitted.)  Because the Right-to-Sue Letter's date of receipt required Anderson to file her lawsuit by October 31, 2018, the Court finds her suit, filed on October 30, 2018, timely.[15]

---

[14] Importantly, the detail provided by Dr. Anderson concerning the nature of her receipt of the Right-to-Sue Letter contrasts authority relied on by the School Board.  The School Board cites *Smith v. Northern Virginia Orthodontics Center, LLC.* for the proposition that a plaintiff's self-serving "conclusory affidavit is . . . insufficient standing alone to rebut the presumption." No. 1:18cv1244, 2019 WL 3225686, at *4 (E.D. Va. July 16, 2019).  Unlike the plaintiff in Smith, Dr. Anderson submits documentation confirming her date of receipt. *Id.*

[15] Because the Court finds Dr. Anderson's suit timely, it does not reach the Parties' arguments as to whether equitable tolling should apply.

### 3.      The School Board's Attempt to Cast the Date of Receipt into Doubt Require Inferences Unsupported by the Record

The School Board advances four additional "circumstances in this case" that it asserts "cast doubt on Plaintiff's version of the events" and provide grounds to deny Dr. Anderson's Motion for Partial Summary Judgment. (Mem. Opp. Anderson Mot. Partial Summ. J. 8, ECF No. 45.) The Court considers each of these "circumstances" seriatim, finding that none of the School Board's contentions create a dispute of material fact sufficient to preclude summary judgment in favor of Dr. Anderson. (*Id.*)

First, the School Board states that "it is undisputed that the EEOC mailed the [R]ight-to-[S]ue [L]etter on July 26, 2018, seven days before the date Plaintiff claims USPS delivered it to her home." (*Id.*) As stated, Dr. Anderson can rebut this presumption with contrary evidence as she has done here. *See Schmidt v. Town of Cheverly, Md.*, No. 13cv3282, 2014 WL 4799039, at *9 (D. Md. Sept. 25, 2014) (finding plaintiff successfully rebutted three-day presumption by submitting sworn affidavit that he received right-to-sue letter nine-days after EEOC mailed the letter.) The Court therefore does not find the mailing date of the Right-to-Sue Letter, standing alone, to be persuasive evidence of Dr. Anderson or Mr. Biss's date-of-receipt.

Second, the School Board observes that Dr. Anderson admits that during this time period she experienced "[i]mpaired cognition (continued slowing of response and processing times, memory issues, word retrieval difficulty . . . )" due to her condition. (Resp. Anderson Mot. Partial Summ. J. 4.) The School Board argues that "[t]hese admissions cast serious doubt on her ability to recall the events accurately." (*Id.*) This argument does not persuade. Despite this general claim that Dr. Anderson's recollections are unreliable, the School Board—which conducted full discovery and depositions of Dr. Anderson relating to this issue—fails to point to any inconsistencies between her testimony and the corresponding documentation she provided

during the expedited discovery process.  Without drawing out any such inconsistencies, the School Board fails to weaken the import of Dr. Anderson's recollections—particularly when she documented many of her observations on August 2, 2018 in real time via email.

Third, the School Board posits that Dr. Anderson's "October 23, 2018 email suggests that [she] believed that her lawsuit must be filed by October 29, 2018, further casting doubt on her claim that she received the right-to-sue letter on August 2, 2018" (the "October 23, 2018 Email").  (*Id.* 9.)  In that email, Dr. Anderson stated that "[m]y due date for the lawsuit is about 6 days away and I we [sic] haven't met to exchange all this information I FOIAd."  (October 23, 2018 Email 1.)  Dr. Anderson asked Mr. Biss to "[p]lease update [her] on the plan and when we can meet this week to handoff all this info I have."  (*Id.*)

While the October 23, 2018 Email could suggest that Dr. Anderson believed she needed to file her lawsuit by October 29, 2018, the wording of that email is imprecise.  Anderson states that the due date "is *about* 6 days away."  (*Id.* (emphasis added).)  Furthermore, Anderson refers to her due date for the lawsuit—not counsel's—implying that she might have had another deadline separate from her attorney's.  Indeed, Dr. Anderson stated during her deposition that "I was writing it [sic] that was six days before I had to have everything to [Mr. Biss] so that he could file."  (Sept. 11, 2020 Anderson Dep. 1.)  Even drawing all reasonable inferences in favor of the School Board, the Court finds the import of the October 23, 2018 Email insufficient to preclude summary judgment for Dr. Anderson.

Fourth, and finally, the School Board asserts that "the conduct of Plaintiff and her counsel during discovery generally casts serious doubt about the veracity of Plaintiff's claim."  (Resp. Anderson Mot. Partial Summ. J. 5.)  In support of this contention, the School Board argues that "although Plaintiff's counsel testified during his deposition on September 11, 2020

that he had received the right-to-sue letter on August 3, 2020, he later contradicted his earlier testimony by admitting that he actually saved it on his computer with the file name 'Right to Sue Letter – Received 8.2.18.'" (*Id.* 5 n.3.)  As this Court has explained, however, it sees no discrepancy between Counsel for Plaintiff collecting the Right-to-Sue Letter from his mailbox on the morning August 3, 2018 but reasonably *assuming* that it arrived some time on August 2, 2018.  And while the Court remains concerned with Counsel for Plaintiff's conduct during discovery, the Court considers nebulous assertions of misconduct, without specific allegations as to how that misconduct affects the weight of the evidence before this Court, insufficient to weaken Dr. Anderson's proffered evidence concerning her and Mr. Biss's date of receipt.

Viewing all evidence and reasonable inferences in the light most favorable to the School Board, Dr. Anderson has met her burden of showing that no dispute of material fact exists as to whether she timely filed the present action in this Court.  Namely, Dr. Anderson provides contemporaneous evidence, sufficient to rebut the three-day presumption in Rule 6(d), that both her and Mr. Biss received the Right-to-Sue Letter on August 2, 2018.  The Court will therefore grant Dr. Anderson's Motion for Partial Summary Judgment and deny the School Board's Motion for Partial Summary Judgment on the same issue.

### B.    The Court Will Grant in Part the Motion for Sanctions

Despite granting Dr. Anderson's Motion for Partial Summary Judgment, the Court will grant in part and deny in part the School Board's Motion for Sanctions.  The Motion for Sanctions addresses the post-August 13, 2020 conduct of Counsel for Plaintiff.  The Court finds that Counsel for Plaintiff's delay in providing crucial discovery materials to the School Board represents a substantial failure "to obey an order to provide or permit discovery" and will issue sanctions accordingly.  Fed. R. Civ. P. 37(b)(2)(A).

22

The School Board seeks "an Order granting this Motion for Sanctions, awarding the School Board reasonable attorney's fees in connection with the filing of this Motion for Sanctions, and granting it such further relief as the Court may deem appropriate." (Mem. Supp. School Board 7.) Specifically, the School Board asks the Court to "find the following facts to be established for purposes of this action: (1) Plaintiff filed her Complaint outside of the 90-day limitations period; and (2) equitable tolling does not apply in this case." (*Id.* 6–7.)

Given the Court's conclusion that Dr. Anderson timely filed her action, the Court will not, as it previously warned, "direct[] that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims" regarding the date of the arrival of the Dismissal Notice and Right-to-Sue Letter. Fed. R. Civ. P. 37(b)(2)(A)(i). The Court will, however, grant the School Board attorney's fees for bringing the Motion for Sanctions.

### 1.   <u>Legal Standard:  Discovery Sanctions Pursuant to Rule 37</u>

Federal Rule of Civil Procedure 37(b)(2)(A) provides that "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders" including

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party.

Fed. R. Civ. P. 37(b)(2). The Court may also, in lieu of or together with the above sanctions, "order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially

justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Courts in the Fourth Circuit utilize a four-factor test in determining the appropriateness of

sanctions under Rule 37:

> (1) whether the non-complying party acted in bad faith; (2) the amount of prejudice
> that non-compliance caused the adversary; (3) the need for deterrence of the
> particular sort of noncompliance; and (4) whether less drastic sanctions would [be]
> effective.

*Anderson*, 155 F.3d at 504.

### 2. Sanctions Are Appropriate Because Counsel for Plaintiff Failed to Obey This Court's August 13, 2020 Order to Provide or Permit Expedited Discovery

For the reasons stated below, the Court finds awarding fees appropriate because Counsel

for Plaintiff's delay in providing crucial discovery materials to the School Board represents a

substantial failure "to obey an order to provide or permit discovery." Fed. R. Civ. P.

37(b)(2)(A).

### a. Counsel for Plaintiff Acted in Bad Faith

Despite ultimate success on the issue of timeliness, Counsel for Plaintiff's persistent

delays in supplementing his discovery responses or scheduling depositions suggests bad faith.

Bad faith may be established by "noncompliance [or] haphazard compliance [with] discovery

orders." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs.*, 872 F.2d 88, 93 (4th Cir. 1989).

Furthermore, "bad faith includes willful conduct, where the party clearly should have understood

his duty to the court but nonetheless deliberately disregarded it." *Axiom Res. Mgmt., Inc. v.

Alfotech Sols., LLC*, No. 1:10cv1011, 2011 WL 2560096, at *7 (E.D. Va. June 3, 2011). "[A]

party's failure to provide a satisfactory reason why its discovery responses were not timely" may

also provide evidence of bad faith. *LeCompte v. Manekin Constr., LLC*, 573 B.R. 187, 195 (D.

Md.), *aff'd*, 706 F. App'x 811 (4th Cir. 2017).

Here, Counsel for the Plaintiff "clearly should have understood his duty to the court" to conduct expedited discovery in a speedy and responsive manner, yet he "deliberately disregarded" that duty. *Alfotech Sols.*, 2011 WL 2560096, at \*7. Dr. Anderson filed objections that were not substantially justified, resulting in the Court's Order to compel against her. Following this Court's August 13, 2020 Order instructing Counsel for Plaintiff to fully respond to the School Board's discovery requests, Counsel for Plaintiff delayed submitting his discovery responses twenty-nine days until September 11, 2020 when he provided responsive information during his own deposition. This delay consumed nearly three-fifths of the extended *expedited* discovery period scheduled to run from August 13, 2020 to "the close of business on September 28, 2020." (Aug. 13, 2020 Order 1, ECF No. 34.) Counsel for Plaintiff similarly failed to properly coordinate scheduling Court-mandated depositions by refusing to adequately respond to Counsel for the School Board's proposed deposition dates. Such stonewalling cannot be countenanced.

On August 14, 2020, the School Board expeditiously requested that Mr. Biss fully supplement his responses as ordered by the Court on August 13, 2020. Despite this and many other requests, Counsel for Plaintiff delayed fully supplementing his discovery responses twenty-nine days, until September 11, 2020, when he provided additional, *vital* responsive information at his own deposition. September 11 had been the date he and his client were to be deposed. The deposition date had to be postponed to nearly two weeks before the expedited discovery cut-off, leaving the School Board little time to conduct further discovery on any issues that might be raised by Dr. Anderson's and Counsel for Plaintiff's testimony. Such nonresponsive and dilatory conduct carry all the hallmarks of improper stonewalling, especially doing so when subject to a motion to compel.

25

Counsel for Plaintiff's "haphazard compliance" with this Court's order, *Found. for Advancement*, F.3d at 504, is underscored by his "failure to provide a satisfactory reason why [his] discovery responses were not timely," *LeCompte*, 573 B.R. at 195. Counsel for Plaintiff justifies the delay by stating that he was "not able to complete the supplemental responses earlier [due to] both schedules, family vacations and litigation deadlines in other cases." (Mem. Opp. Mot. Sanctions 5, ECF No. 39.) But officers of this Court must balance "family vacations" and "litigation deadlines in other cases" with their non-negotiable discovery obligations, particularly those imposed under an expedited discovery schedule that had already been delayed by Counsel for Plaintiff's unsupported objections to the School Board's discovery requests. Furthermore, on August 20, 2020, Mr. Biss claimed that Dr. Anderson had provided him with her supplemental responses, (Email Chain 2), yet he delayed fully serving complete responses on the School Board for another three weeks.

As other district courts in the jurisdiction of the Fourth Circuit have advised, "belated compliance" with discovery orders "does not constitute compliance." *See Flame S.A. v. Indus. Carriers, Inc.*, 39 F. Supp. 3d 752, 765 (E.D. Va. 2014) (finding violation of discovery order where party unduly delayed in producing discovery responses); *see also Green v. John Chatillon & Sons*, 188 F.R.D. 422, 424 (M.D.N.C. 1998), *aff'd*, 165 F.3d 18 (4th Cir. 1998) (finding discovery violation where plaintiff failed to provide discovery request two months after being ordered to do so.) Accordingly, Counsel for Plaintiff's substantial and inexcusable delays in making required disclosures and properly coordinating deposition dates during the expedited discovery period represents a failure "to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). Given these facts, and the undue delay of Counsel for Plaintiff, the Court finds bad faith on the part of Counsel for Plaintiff.

26

**b.** **Counsel for Plaintiff's Non-Compliance Caused Prejudice**

Second, Counsel for Plaintiff's noncompliance prejudiced the School Board. Due to delays in receiving the supplemental responses, the School Board lacked relevant facts concerning the timeliness of this suit until the eve of the Anderson deposition and the day of the Biss deposition, prejudicing their ability to adequately prepare for the dispositive motions for summary judgment. *See Certain Underwriters at Lloyd's, London Subscribing to Policy No. BO823PP1308460 v. AdvanFort*, 2019 WL 3366103, at *8 (E.D. Va. July 25, 2019) (finding prejudice where party, with the "close of discovery fast approaching," failed to "provide foundational information needed in order to properly challenge . . . assertions" pertaining to "foundational questions about the case.")

Counsel for Plaintiff's delays also forced the School Board to expend time and resources not only engaging in repetitive and fruitless communications with Counsel for Plaintiff, but also in filing the present Motion for Sanctions to ensure that they received the necessary discovery at all. The School Board's unwarranted and unnecessary "expenditure of time and money" suffices to show prejudice. *LeCompte*, 573 B.R. at 196 (internal citations omitted).

**c.** **The Need for Deterrence Is Substantial**

Third, the Court determines "the need for deterrence of the particular sort of noncompliance" to be substantial. *Found. for Advancement*, 155 F.3d at 504. Because this case will proceed to the merits of Dr. Anderson's ADA claim, the Court must ensure that Counsel for Plaintiff timely abides by all discovery and other Court deadlines and orders leading up to trial in this matter. *See Flame S.A.*, 39 F. Supp. 3d at 765 (finding that "with discovery's important role in modern litigation, deterrence is greatly needed" to stem substantial non-compliance with court orders.) The Court notes, as it must, that its previous warnings to Counsel for Plaintiff to abide

by the Federal Rules of Civil Procedure and this Court's Orders did not deter the present

misconduct.  An absence of proportional sanctions now would disserve the orderly progress of

litigation going forward.  (*See* Aug. 13, 2020 Mot. Compel 11; May 29, 2020 Mem. Op. 17 n.

16, ECF No. 16.)

### d.    Monetary Sanctions Are Appropriate

Finally, the Court finds that "less drastic sanctions"—certainly less than designating the

date-of-receipt of the Right-to-Sue Letter as untimely and stripping this Court of jurisdiction—

are warranted here. *Id.*  In reaching this conclusion, the Court notes the Fourth Circuit's counsel

that a sanction that terminates a case "[is] the most severe . . . [and] must be entered with the

greatest caution." *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993).  Such a

sanction is often reserved for situations "in which a party cannot prosecute its case at all for lack

of essential discovery materials." *AdvanFort*, 2019 WL 3366103, at *9 (internal quotations and

citations omitted).  This cannot occur here given Dr. Anderson's rebuttal.

But Dr. Anderson rebutted this presumption by stonewalling repeated and legitimate

requests made during expedited discovery ordered because she lost a motion to compel.  A party

cannot release discovery—especially as uncomplicated as is involved here—in dribs and drabs

so as to create avoidable prejudice to the other side.  When Plaintiff delayed an ability to conduct

timely depositions, she did so at the risk of incurring liability for the School Board's costs in

conducting those depositions.  As such, the Court is constrained to allow, for a second time, the

School Board to file a motion pursuant to Federal Rule of Civil Procedure 37(b)(2)(C) for

attorney's fees to recoup costs arising from Plaintiff's delays during expedited discovery.

Considering the four factors outlined by the Fourth Circuit, the Court finds monetary

sanctions appropriate and will allow the School Board to submit attorney's fees for the bringing

of their Motion of Sanctions pursuant to Rule 37(b)(2)(C).  The Court warns Counsel for Plaintiff and Dr. Anderson that future violations of the Federal Rules, the Local Rules, or this Court's orders could result in the dismissal of this case.

## C.  The Court Will Grant the Motion for Fees as to the Motion to Compel

The expedited discovery outlined above flowed from Dr. Anderson's earlier transgression of discovery rules.  While it is remarkable that the Court has issued a second sanction before deciding the extent of the penalty for the first, it must do so here.

Incorporating the findings of its earlier August 2020 Memorandum Opinion, Dr. Anderson's dilatory conduct and unjustified objections warrant the grant of attorney's fees as to the July 22, 2020 Motion to Compel.  Under the relevant factors, the Court finds the request for attorney's fees for the cost of preparing the initial Motion to Compel is reasonable.  Therefore, the Court will grant the Motion for Fees and enter an Order awarding the School Board $3,310 in attorney's fees.

### 1.  Legal Standard:  Attorney's Fees for Discovery Disputes

Federal Rule of Civil Procedure 37(a) provides that, if the Court grants a motion to compel discovery, "the court *must* . . . require the party whose conduct necessitated the motion to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."[16]  Fed. R. Civ. P. 37(a)(5)(A) (emphasis added).  The rule mandates the award of expenses

---

[16] Federal Rule of Civil Procedure 37(a)(5)(A) states, in relevant part, that if a motion to compel

is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:

unless one of Rule 37(a)(5)(A)'s three enumerated exceptions applies: "(1) the movant filed a motion to compel prior to attempting in good faith to obtain the discovery without court intervention; (2) the nondisclosure or objection was substantially justified; or (3) other circumstances make an award of expenses unjust." *Id.*

An award of expenses under Rule 37(a)(5)(A) must be reasonable. *Id.* To calculate reasonable attorney's fees, "a court must first determine a lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009) (internal citation and quotations omitted). The United States Court of Appeals for the Fourth Circuit has instructed that a district court must consider twelve factors, known as the *Robinson* factors,[17] in determining the reasonableness of a request for fees. (*Id.*) In assessing attorney's fees in relation to a discovery dispute brought pursuant to Rule 37(a)(5)(A), the Court looks to six of the twelve factors:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). As the Court determined in its August 13, 2020 Memorandum Opinion and Order, none of the three exceptions to the mandatory award of attorney's fees apply here.

[17] Those twelve factors are:

(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the out-set of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which

(1) Factor 1: the time and labor expended; (2) Factor 2: the novelty and difficulty of the questions raised; (3) Factor 3: the skill required to properly perform the legal services rendered; (4) Factor 5: the customary fee for like work; (5) Factor 9: the experience, reputation and ability of the attorney; and (6) Factor 12: attorneys' fees awards in similar cases

*Flame S.A. v. Indus. Carriers, Inc.*, No. 2:13cv658, 2014 WL 7185199, at *3 (E.D. Va. Dec. 16, 2014). The Court need not examine each factor in exacting detail. *Stewart v. VCU Health Sys. Auth.*, No. 3:09cv738, 2012 WL 1120755, at *2 (E.D. Va. 2012).

"The Supreme Court has indulged a strong presumption that the lodestar number represents a reasonable attorney's fee." *McAfee v. Boczar*, 738 F.3d 81, 88–89 (4th Cir. 2013) (internal citation and quotations omitted). In addition, in the Eastern District of Virginia "it is well-settled that reasonable time and expenses preparing a fee petition are compensable." *Am. Bird Conservancy v. U.S. Fish & Wildlife Serv.*, 110 F. Supp. 3d 655, 672 (E.D. Va. 2015).

### 2. Based on the *Robinson* Factors, the Court Finds the School Board's Request for Attorney's Fees Reasonable

Considering the *Robinson* factors, and the "strong presumption that the lodestar number represents a reasonable attorney's fee," *McAfee*, 738 F.3d at 88–89, the Court concludes that the School Board's requested award of $3,310.00 in attorney's fees is reasonable.

#### a. The Time and Labor Expended

Considering the first *Robinson* factor, "the time and labor expended" on the matter at bar, *Robinson*, 560 F.3d at 243, the Court finds that Counsel for the School Board reasonably requests 17.2 hours in attorney's fees. According to the Declaration of Pakapon Phinyowattanachip, the law firm of Haney Phinyowattanachip PLLC expended a total of 17.2

---

the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.

*Robinson*, 560 F.3d at 243 (citation omitted).

hours preparing the Motion to Compel, the Discovery Dispute Chart, the fee petition, attending

the hearing on the Motion to Compel, and performing other tasks relating to the discovery

dispute. (*See* Mem. Supp. Mot. Fees Ex. 1 "Declaration of Pakapon Phinyowattanachip," ECF

No. 36-1.) Mr. Pakapon Phinyowattanachip, a partner, spent 11 hours on the tasks listed above;

Mrs. Stacy Haney, a partner, spent 0.8 hours; and, Mr. Andrew Selman, an associate, spent 5.4

hours. (*Id.*) Considering the School Board's need to file three separate sets of documents with

the Court[18] and appear for a hearing, the Court finds Counsel for the School Board's expenditure

of time on the discovery dispute to be appropriate and reasonable.

### b. The Novelty and Difficulty of the Questions Raised and the Skill Required to Properly Perform the Legal Services Rendered

The Court next considers the second and third *Robinson* factors together: the "novelty

and difficulty of the questions raised" and "the skill required to properly perform the legal

services rendered." *Robinson*, 560 F.3d at 243. Because this Court found the objections to the

School Board's discovery requests "not substantially justified," the Court finds these factors do

not alter the School Board's requested award. (Aug. 13, 2020 Mem. Op. 9.) Dr. Anderson does

not respond to, much less dispute, the requested sum in the Motion for Fees.

### c. The Customary Fee for Like Work and Fee Awards in Similar Cases

Considering the fifth and twelfth *Robinson* factors together: the "customary fee for like

work" and the "attorneys' fees awards in similar cases," *Robinson*, 560 F.3d at 243, the Court

---

[18] The School Board filed its Motion to Compel and accompanying memorandum, (ECF Nos. 24 & 25), a Notice with the Joint Discovery Chart, (ECF No. 26), and the present Motion for Fees and accompanying memorandum in support, (ECF Nos. 35 & 36).

finds that the hourly rates for the attorneys involved are reasonable and customary for attorneys in the Richmond Division of the United States District Court for the Eastern District of Virginia.

The School Board states that for this matter, "the firm is charging agreed-upon reduced rates of $205 for Mr. Phinyowattanachip and Ms. Haney and $165 for Mr. Selman." (Mem. Supp. Mot. Fees 2.)[19] The Court finds these rates reasonable considering prior fee awards in the Richmond Division of the Eastern District of Virginia. *Matter of Mediation in Health Diagnostic, Lab., Inc.*, No. 3:17mc4, 2018 WL 524711, at *5 (E.D. Va. Jan. 23, 2018) (finding hourly rate of $400 for lead attorney and $200 for third-year associate reasonable in the Richmond Division); *Jones v. Southpeak Interactive Corp. of De.*, No. 3:12cv443, 2014 WL 2993443, at *8 (E.D. Va. July 2, 2014), *aff'd*, 777 F.3d 658 (4th Cir. 2015) (finding hourly rate of $250 for an associate to be reasonable in the Richmond Division); *Reynolds v. Reliable Transmissions, Inc.*, No. 3:09cv238, 2010 WL 2640065, at *9 (E.D. Va. June 29, 2010) (finding fee awards ranging between $275 and $450 reasonable in the Richmond Division) (J. Payne).

### d.    The Experience, Reputation, and Ability of the Attorney

Finally, looking to the fifth *Robinson* factor, the "the experience, reputation and ability of the attorney," *Robinson*, 560 F.3d at 243, the Court finds that the experience, reputation, and ability of Haney Phinyowattanachip PLLC and its attorneys justify the hourly rates of $205 for Mr. Phinyowattanachip and Ms. Haney and $165 for Mr. Selman. Mr. Phinyowattanachip and

---

[19] The School Board states that "[t]he regular hourly rates for attorneys at the firm are $230 for Mr. Phinyowattanachip, $280 for Ms. Haney, and $195 for Mr. Selman." (Mem. Supp. Mot. Fees 2.) The School Board argues that "[b]ecause Plaintiff's improper refusal to respond to discovery requests and deposition questions required counsel for the School Board to spend time that could have otherwise been devoted to other matters, the School Board believes the appropriate lodestar figure should be calculated using counsel's regular hourly rates, amounting to $3,807." (*Id.*) However, "[i]f the Court finds that the use of counsel's discounted rates is appropriate, then the appropriate lodestar amount would be $3,310." (*Id.*) The Court finds the use of that discounted rate appropriate in calculating the lodestar here.

Ms. Haney founded the firm "after spending more than a combined 20 years working at Reed Smith LLP, representing educational institutions." (Phinyowattanachip Decl. 4.) Mr. Selman has over four years of legal experience. (*Id.*) Considering this experience, and lead counsel Mr. Phinyowattanachip's extensive history litigating in the Richmond Division, the Court finds the experience, reputation, and ability of the attorneys involved justify the requested award.

Considering the above *Robinson* factors, and the "strong presumption that the lodestar number represents a reasonable attorney's fee," *McAfee*, 738 F.3d at 88–89, the Court concludes the School Board's requested award of $3,310 in attorney's fees to be reasonable. Therefore, the Court will grant the Motion for Fees.

### IV. Conclusion

For the foregoing reasons, the Court grants Dr. Anderson's Motion for Partial Summary Judgment, (ECF No. 43), denies the School Board's Motion for Partial Summary Judgment, (ECF No. 41). The Court grants in part and denies in part the School Board's Motion for Sanctions. (ECF No. 37.) The Court grants the School Board's Motion for Fees. (ECF No. 35.)

An appropriate Order shall issue.

/s/

M. Hannah Lauck
United States District Judge

Date: 3/24/21
Richmond, Virginia

34