IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WENDI H. ANDERSON

     Plaintiff,

v.                                                           Civil Action No. 3:18-cv-00745-MHL

THE SCHOOL BOARD OF GLOUCESTER COUNTY,

     Defendant.

**SUPPLEMENTAL MEMORANDUM IN SUPPORT
OF DEFENDANT'S MOTION TO EXCLUDE THE TESTIMONIES
AND REPORTS OF PLAINTIFF'S EXPERT WITNESSES**

Pursuant to this Court's order of December 3, 2021 (ECF No. 100), Defendant Gloucester County School Board ("School Board") submits this supplemental memorandum in support of its Motion to Exclude the Testimonies and Reports of Plaintiff's Expert Witnesses (ECF No. 90) ("Motion"). For the reasons explained below and in the School Board's opening memorandum in support of its Motion (ECF No. 91, "Memorandum") and reply memorandum (ECF No. 97, "Reply"), Dr. Vinitksy should be excluded from testifying in this case.[1] Moreover, because Dr. Vinitsky's opinions regarding multiple chemical sensitivity ("MCS") should be excluded, the opinion of H. Gray Brougton, which explicitly relies on Dr. Vinitsky's MCS diagnosis, must also

---

[1] For these same reasons, Plaintiff should be prohibited from attempting to subsequently offer non-expert testimony from Dr. Vinitsky in his capacity as her treating physician. As numerous courts in the Fourth Circuit have noted, medical testimony from treating physicians is subject to the same admissibility standards as expert witnesses under Rule 702. See Hare v. Opryland Hosp., LLC, Civil Action No. DKC 09-0599, 2010 U.S. Dist. LEXIS 97777, at *13 (D. Md. Sep. 17, 2010); Perkins v. United States, 626 F. Supp. 2d 587, 595 n.7 (E.D. Va. 2009); Indem. Ins. Co. of N. Am. V. Am. Eurocopter LLC, 227 F.R.D. 421, 424 (M.D.N.C. 2005); see also, Madej v. Maiden, 951 F.3d 364, 369 (6th Cir. 2020) ("The opinion testimony of a doctor (whether an expert or a treating physician) generally must pass muster under Rule 702.").

1

be excluded.  See Memorandum at 11–13.  Likewise, any other opinions or testimony in this case that invoke or mention MCS must be excluded.  This Memorandum does not address the effects of excluding Dr. Vinitsky's opinions on the opinions of Nancy A. Didriksen, Ph.D., as Dr. Didriksen is already excluded.  Transcript of December 2, 2021 Hearing ("Hearing") (ECF No. 101) at 6:16–18.

I. **Dr. Vinitsky's hearing testimony fails to overcome established precedent that MCS remains a controversial diagnosis, unsupported by sound scientific reasoning or methodology, and cannot withstand judicial scrutiny under Rule 702.**

Madej v. Maiden, 951 F.3d 364 (6th Cir. 2020) sets a high bar for a plaintiff seeking to establish through expert testimony that she suffers from MCS.  See also Hearing at 5:3–10; Memorandum at 5–6.  Specifically, the court in Madej observed that courts throughout the country consistently have held that testimony about MCS is not admissible under Rule 702 because it remains a "controversial diagnosis . . . unsupported by sound scientific reasoning or methodology."  Madej, 951 F.3d at 374 (citations and quotation marks omitted).  A proponent of an MCS diagnosis must overcome a "mountain of precedent" and show that "more recent scientific advancements have led the scientific community to come to accept a multiple-chemical-sensitivity diagnosis."  Id. at 375.

Plaintiff has failed to do so.  Dr. Vinitsky admitted at the hearing that he did not rely on any literature published in the past two years to refute the conclusions set out in Madej, which was decided less than two years ago.  Hearing at 86:5–8.  In fact, Dr. Vinitsky testified that he did not conduct a literature review in preparing his expert report or cite to any literature in his report.  Hearing at 86:9–15.  Nor did he opine that MCS is now widely accepted in the medical community.  Hearing at 86:24–87:2.  To the contrary, Dr. Vinitsky conceded that the majority of the medical community does not recognize MCS.  Hearing at 88:12–18.  In sum, Dr. Vinitsky

should be excluded because Plaintiff has not introduced any evidence to address the concerns raised by the Madej court.

**II.  Dr. Vinitsky's hearing testimony confirms that MCS diagnosis does not meet the indicia of reliability established by Daubert.**

As explained in the School Board's Memorandum, at 6–9, and further demonstrated below, Dr. Vinitsky's proposed testimony does not satisfy the four reliability factors set out in Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993).  Dr. Vinitsky was not able to offer any testimony at the hearing to otherwise demonstrate he should be permitted to testify in this case, especially in light of Dr. Mark Scarupa's testimony refuting Dr. Vinitsky's claims.[2]

First, Plaintiff's MCS diagnosis cannot be confirmed through objective testing.  Dr. Scarupa testified that there is no consensus on how MCS is diagnosed.  Hearing at 117:13–21.  Dr. Vinitsky admitted at the hearing that there is no "per se" test for diagnosing MCS, but suggested that an "ultimate" way is to use an exposure chamber.  Hearing at 88:21–89:7, 91:13–17.  Dr. Scarupa corroborated Dr. Vinitsky's testimony that there is no particular test that can be used to diagnose MCS, and further testified that there are peer-reviewed journals documenting that the use of exposure chambers for MCS remains diagnostically inaccurate.  Hearing at 119:9–17.  Dr. Vinitsky further acknowledged that the results from the autonomic nervous system test that he used to purportedly confirm Plaintiff's MCS diagnosis could have been caused by numerous other conditions.  Hearing at 27:11-22, 31:22–32:15.  For example, Dr. Vinitsky testified that that he diagnosed Plaintiff with autoimmune hypothyroidism, which can cause autonomic dysfunction.  Hearing at 106:12–20.  Nor was Dr. Vinitsky able to exclude mast cell

---

[2] The Court noted at the hearing that it credited Dr. Scarupa's testimony to the extent it conflicted with Dr. Vinitsky's.  Hearing at 147:9–16.

3

activation syndrome[3] as a possible cause of Plaintiff's condition, which Dr. Scarupa testified would cause similar and overlapping symptoms as MCS. Hearing at 103:11–18, 106:10–11, 121:25–123:6. In sum, the hearing testimony confirms there is no reliable way to test for or diagnose MCS.

Second, Plaintiff cannot demonstrate that MCS diagnosis has been subjected to any meaningful peer review. When asked to identify peer-reviewed articles supportive of MCS, Dr. Vitnitsky was only able to identify a handful of practitioners who have recognized or have written about MCS. Hearing at 66:7–67:2, 68:15–69:10. In contrast, Dr. Scarupa testified that articles advocating for MCS have not "had enough power or been considered rigorous enough to change opinion broadly." Hearing at 128:19–23. Dr. Scarupa testified that his literature review of MCS, which included up-to-date peer reviewed publications widely accepted by practitioners, revealed that MCS is still not a condition recognized by the medical community. Hearing at 120:5–121:4.

Third, Dr. Vinitsky was not able to identify any known error rate with respect to MCS diagnoses. Dr. Vinitsky testified that he has never tried to calculate the error rate in diagnosing MCS and has not read any publications in which the error rate for diagnosing MCS is discussed. Hearing at 109:3–12. Underscoring that the error rate in diagnosing MCS is not known, Dr. Scarupa definitively testified that there is no way to measure the error rate of MCS diagnoses. Hearing at 119:25–120:2.

Fourth, the hearing testimony establishes that the medical community still does not accept MCS as a diagnosis. Dr. Scarupa testified that the American Medical Association (AMA), the American Academy of Allergy, Asthma, and Immunology (AAAAI), and the World

---

[3] This condition is described as "mass cell activation syndrome" in the hearing transcript.

Health Organization (WHO) continue to not recognize MCS as a valid diagnosis. Hearing at 118:12-25, 128:13–18. Dr. Scarupa was not aware of any major American or international organization that accepts MCS as a medical diagnosis. Hearing at 119:1–5. When pressed to identify the basis for his claim that the AMA now recognizes MCS, Dr. Vinitsky explained that it simply was "his understanding" and could not identify any publication by the AMA recognizing MCS. Hearing at 71:25–72:13, 73:5–21, 74:9–22. Similarly, Dr. Vinitsky could only point to his understanding that the WHO currently recognizes MCS and not to any literature supporting that proposition.[4] Hearing at 73:22–25, 79:17–20. Concerning the AAAAI, Dr. Vinitsky could only testify that it was his "understanding" that there are some doctors within the organization who accept MCS as a diagnosis, but he could not cite to any formal position paper recognizing MCS. Hearing at 68:1–13. In short, Dr. Vinitsky's testimony fails to meet the requirement set out by the court in Madej to show that "more recent scientific advancements have led the scientific community to come to accept a multiple-chemical-sensitivity diagnosis." Madej, 951 F.3d at 375. Accordingly, Dr. Vinitsky must be excluded from testifying in this case.

**III.     Dr. Vinitsky's hearing testimony confirms that his opinions are irrelevant to this matter.**

Rule 702 requires that expert testimony have "a valid scientific connection to the pertinent inquiry" (i.e., be relevant) so that the testimony helps the trier of fact understand the evidence and determine a fact at issue. See Sardis v. Overhead Door Corp., 10 F.4th 268, 281 (4th Cir. 2021). As the School Board explained in its Memorandum, at 13–15, and its Reply, at 17, Dr. Vinitsky's causation opinion related to MCS is irrelevant to helping understand the

---

[4] Dr. Vitnitsky's testimony at the hearing was in directly conflict with his deposition testimony, during which he explained that the WHO does not believe that MCS exists as a medical diagnosis. Hearing at 83:1-25—84:1-7.

5

evidence or determine facts at issue. The cause of Plaintiff's injuries (allegedly incurred on September 11, 2017) is not relevant to whether a reasonable accommodation was or was not provided for her scent sensitivity. See Reply at 17. Nothing in Dr. Vinitsky's testimony at the hearing established the relevance of his MCS-based causation opinion to resolving the issues in this case, and so his testimony must be excluded.

Dr. Vinitsky's testimony about treatment he provided for any other ailment is also irrelevant. Dr. Vinitsky first met with Plaintiff in September 2018, after Plaintiff had already left her employment with the School Board. See Hearing at 25:13–20; Memorandum in Support of Defendant's Motion for Summary Judgment (ECF No. 93) at 15, ¶ 50. Although Dr. Vinitsky indicates in his report that Plaintiff has suffered from MCS since at least 2009, he makes no such statements regarding any of the other conditions. See Expert Report of Dr. Alan Vinitsky Report (ECF No. 48-2) at 1–5. Any diagnosis or treatment of Plaintiff for conditions other than MCS occurred or began after Plaintiff retired from employment with the School Board, and Dr. Vinitsky has not indicated otherwise that Plaintiff was suffering from any of these other conditions during her employment. Accordingly, none of Plaintiff's other conditions or Dr. Vinitsky's treatment of them are germane to the issues of this case. Dr. Vinitksy's testimony as a treating physician for any of these other conditions is therefore not relevant and must be excluded for this reason as well.

****

For the reasons explained herein and in the School Board's memoranda in support of its Motion to Exclude, Dr. Vinitsky must be excluded from testifying in this case, as well as any other opinions or testimony that invoke or mention MCS.

Respectfully submitted,

SCHOOL BOARD OF GLOUCESTER COUNTY

By Counsel

/s/ Andrew P. Selman
Pakapon Phinyowattanachip, Esq. (VSB No. 80799)
Andrew P. Selman, Esq. (VSB No. 91060)
HANEY PHINYOWATTANACHIP PLLC
11 S. 12th Street, Suite 100B
Richmond, VA 23219
Tel.:   (804) 500-0310
Fax:   (804) 500-0309
Email: pakaponp@haneyphinyo.com
          aselman@haneyphinyo.com

Counsel for School Board of Gloucester County

**CERTIFICATE OF SERVICE**

I hereby certify that on this 13th day of December, 2021, a true and correct copy of the foregoing was served by e-mail to the following:

Steven S. Biss, Esq.
300 West Main Street, Suite 102
Charlottesville, VA 22903
stevenbiss@earthlink.net
stevensbiss@protonmail.ch

Counsel for Plaintiff


/s/ Andrew P. Selman
Pakapon Phinyowattanachip, Esq. (VSB No. 80799)
Andrew P. Selman, Esq. (VSB No. 91060)
HANEY PHINYOWATTANACHIP PLLC
11 S. 12th Street, Suite 100B
Richmond, VA 23219
Tel.:   (804) 500-0310
Fax:   (804) 500-0309
Email: pakaponp@haneyphinyo.com
           aselman@haneyphinyo.com

Counsel for School Board of Gloucester County